IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANRIO, INC., DISNEY ENTERPRISES, INC., DC COMICS, a general partnership,

Plaintiffs,

v.

KUMAR LALWANI, an individual and d/b/a Ali Jewelry a/k/a Hira Jewelry a/k/a Deena's Jewelry; ASIM KHAN a/k/a Asim Ali Khan a/k/a Asim Au Khan, an individual and d/b/a Ali Jewelry a/k/a Hira Jewelry,

Defendants.

No. C 12-1038 WHA

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT ASIM KHAN**

## INTRODUCTION

In this copyright infringement action, plaintiffs move for default judgment, a permanent injunction, and statutory damages against pro se defendants. For the reasons stated below, plaintiffs' motion is **GRANTED IN PART** against defendant Asim Khan.

## STATEMENT

Plaintiffs Sanrio, Inc., Disney Enterprises, Inc., and DC Comics, are corporations and partnerships that own copyrights and trademarks to popular designs such as Hello Kitty, Mickey Mouse, Minnie Mouse, Tinker Bell, and Superman (Compl. ¶¶ 4–40, Exhs. A–F). Defendant

Kumar Lalwani, an individual, resides in Santa Clara County. Defendant Asim Khan, an individual, resides in San Jose County. As alleged, defendants Lalwani and Khan did (and still do) business as Ali Jewelry — also known as Hira Jewelry and Deena's Jewelry — through two mall kiosks, one in Milpitas and another in San Jose (Compl. ¶¶ 41–42). The complaint alleges that Messrs. Lalwani and Khan jointly operated two retail locations: mall kiosks in Milpitas and San Jose. At the recent hearing on plaintiffs' motion for default judgment, however, defendant Lalwani represented to the Court that the defendants did not operate a joint business. Defendant Khan was not present at the hearing to affirm or deny.

Plaintiffs allege that "defendants are engaged in the manufacture, importation, distribution, promotion, sale and offer for sale of jewelry, charms, personal accessories, decals and other merchandise, at multiple locations, which incorporate unauthorized likenesses of animated characters or other logos owned by Plaintiffs, including but not necessarily limited to, Hello Kitty, Mickey Mouse, Minnie Mouse and the Superman 'S' in Shield Logo" (Compl. ¶ 3). Defendants were not licensed by plaintiffs to manufacture, import, distribute, sell or offer for sale the infringing products (Compl. ¶ 44). After plaintiffs discovered that counterfeit products bearing plaintiffs' copyrights and trademarks were being sold by defendants, plaintiffs retained the services of private investigators to develop background facts regarding defendants' actions (*see* Holdridge Decl. ¶¶ 1–12). In particular, the private investigators reported that the Ali Jewelry kiosk in San Jose sold Mickey and Minnie Mouse pendants, a Sanrio Hello Kitty tongue ring and earrings, and one pair of Superman earrings (Holdridge Decl. ¶ 6). The private investigators also discovered that defendant Khan was the owner of the kiosk in San Jose (Holdridge Decl. ¶ 11). The investigators also noted "numerous [other] counterfeit jewelry products on display" at the San Jose kiosk (Holdridge Decl. ¶¶ 5, 11).

This action was filed on March 1, 2012. On March 28 and 29, defendants were personally served with the complaint and summons (Dkt. Nos. 11, 12, 14, 15). Defendant Khan was served at the mall kiosk in San Jose. Defendants have failed to file any responsive pleading in this action. Default was entered against both defendants in May 2012. Notice of default was served on defendants (Wang Decl. ¶ 5). In July, plaintiffs moved for default judgment. The

2

1  notice and motion papers were served on defendants in July (Dkt. No. 20-1 at 17).  While
2  defendants have not filed an opposition, they made an appearance with the Court on August 20,
3  when all parties filed a joint request to continue the hearing on the motion for default judgment
4  (Dkt. No. 22).  That request was granted and the hearing was moved to September 20, 2012.
5  Defendants were served with the order scheduling the motion hearing weeks in advance of the
6  hearing (Dkt. No. 22-1).  Only defendant Kumar Lalwani and plaintiffs appeared at the
7  September 20 hearing.  Defendant Khan failed to appear.  Defendant Khan still has not filed an
8  opposition to the motion for default judgment.  Nor has he moved to set aside the entry of default
9  against him.

10  In its motion for default judgment, plaintiffs seek statutory damages of $125,000 from
11  both defendants collectively.  Plaintiffs also seek entry of a permanent injunction prohibiting
12  defendants and their representatives from further infringement of plaintiffs' copyrights.

**ANALYSIS**

**1.  DEFAULT JUDGMENT.**

Under FRCP 55(b)(2), a plaintiff can apply to the district court for a default judgment against a defendant that has failed to otherwise plead or defend against the action.  Default judgments are generally disfavored as "cases should be decided upon their merits whenever reasonably possible."  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  In the Ninth Circuit, a district court must consider the following factors when deciding whether or not to use its discretion in granting a motion for default judgment:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiffs' substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Id.* at 1471-72.  Only contacts with the Court or plaintiffs that demonstrate a "clear purpose to defend" the action are considered appearances for purposes of FRCP 55(b)(2).  *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993).

Because defendant Lalwani appeared at the recent hearing on plaintiffs' motion for

3

1  default judgment, the motion against him will be held in abeyance. This order only addresses
2  default judgment against defendant Khan, who did not appear at the recent hearing and has not
3  filed any responsive pleadings.

### A. MERITS AND SUFFICIENCY OF THE COMPLAINT.

After an entry of default, well-pled allegations in the complaint are deemed true, except for the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiffs' substantive claims and sufficiency of the complaint are thus considered together. Plaintiffs claim that defendant Khan infringed upon several of their copyrights and trademarks. In order to state a claim for copyright infringement, plaintiffs must show: (1) that they own a valid copyright in the allegedly infringed material, and (2) that defendant Khan violated an exclusive right granted to the copyright owner. The exclusive rights of the copyright owner are enumerated in Section 106 and include the right to reproduce and distribute the copyrighted work. 17 U.S.C. 106(1), (3). To prevail on a claim of trademark infringement, plaintiffs must prove that: (1) they own the rights to a valid trademark and (2) that defendant Khan's use of the mark in interstate commerce is likely to cause consumer confusion. *KP Permanent Make-Up Inc., v. Lasting Impression I, Inc*., 408 F.3d 596, 602 (9th Cir. 2005).

Here, the complaint alleges that defendant Khan was involved in the willful sale of infringing goods at multiple locations, copied from plaintiffs' copyrights and trademarks. The copies were virtually identical to the copyrighted and trademarked designs (*see* Dkt. No. 20 at Exhs. A–J). These designs and marks have built up consumer recognition and loyalty. By selling unlicensed versions of these designs, defendant Khan has deceived the public as to the source and sponsorship of their products. Taking these well-pled allegations as true, plaintiffs sufficiently plead the elements necessary to establish that defendant Khan infringed upon their copyrights and trademarks.

### B. REMAINING FACTORS.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment against defendant Khan.

*First*, plaintiffs will be prejudiced if default judgment is not granted. If default judgment

4

1  is not granted, plaintiffs will be denied the right to adjudicate their claims and defendant Khan's
2  conduct will remain unimpeded. Defendant Khan is aware of this action and have been given a
3  fair opportunity to properly adjudicate this case before a district judge, yet he has chosen not to
4  participate. Consequently, plaintiffs have no other option but to seek default judgment as
5  defendant Khan is unwilling to appear. *Second*, based on the record, there does not appear to be
6  a factual dispute between defendant Khan and plaintiffs regarding the nature of his business
7  activities, at least with respect to the San Jose kiosk. *Third*, there is nothing excusable in regards
8  to defendant Khan's actions. He was properly served with the complaint and motion for default
9  judgment but did not properly file an answer or opposition. *Fourth*, although federal policy
10 favors decisions on the merits, the circumstances surrounding this case indicate that default
11 judgment under FRCP 55(b) is proper. FRCP 55(b) allows the entry of default judgment in
12 situations such as this, where the defendant has refused to litigate. *See Microsoft Corp. v.*
13 *Ricketts*, 2007 WL 1520965 at *3 (N.D. Cal. 2007) (Alsup, J.). *Lastly*, plaintiffs seek an award
14 of $125,000 for defendants' willful copyright and trademark counterfeiting. Generally, the fact
15 that a large sum of money is at stake disfavors default judgment. *Eitel*, 782 F.2d at 1472. As
16 described below, however, the statutory damages will be adjusted according to the evidence in
17 the record.

18  **2. STATUTORY DAMAGES.**

19  Under copyright law, a plaintiff may elect to recover an award of statutory damages. 17
20 U.S.C. 504(c)(1). A court, in its discretion, can award not less than $750 but not more than
21 $30,000 per copyright infringed. Enhanced damages of up to $150,000 per copyright infringed
22 may be granted on a finding of willful infringement. 17 U.S.C. 504(c)(2). "Statutory damages
23 are intended to serve as a deterrent, but that does not justify such a windfall." *Microsoft Corp. v.*
24 *Ricketts*, 2007 WL 1520965, at *4 (N.D. Cal. 2007) (Alsup, J.).

25  Plaintiffs allege that defendant Khan's infringement was willful. Allegations of willful
26 infringement are deemed to be true on default. *See Derek Andrew, Inc. v. Poof Apparel Corp.*,
27 528 F.3d 696, 702 (9th Cir. 2008). Moreover, there is evidence in the record that defendant
28 Khan was notified of infringement before the filing of this action (Holdridge Decl ¶¶ 5–11; Dkt.

5

No. 20-3 at 2–4).

Plaintiffs seek $25,000 for each copyrighted design for which they have appended evidence of infringement, specifically Hello Kitty, Mickey Mouse, Minnie Mouse, Tinker Bell, and the Superman "S" in shield logo for a total of $125,000 from both defendants, collectively. The evidence in the record, however, is insufficient to support statutory damages for these five copyrights. There is only evidence in the record that defendant Khan operated the mall kiosk in Eastridge Mall in San Jose. There is insufficient evidence that defendant Khan operated other retail locations. Indeed, defendant Lalwani, who appeared at the default hearing, represented to the Court that he and Mr. Khan did not jointly operate the kiosk in Milpitas, even though both kiosks shared the same name. There is only evidence that copies of the Mickey Mouse, Minnie Mouse, Hello Kitty, and Superman designs were sold in the San Jose kiosk (Holdridge Decl. ¶ 6). There is no evidence that a Tinker Bell product was sold.

Furthermore, this order only grants default judgment against defendant Khan and not defendant Lalwani. Accordingly, this order awards statutory damages of $50,000 against defendant Khan. In addition, post-judgment interest is awarded and shall be recoverable on all aspects of the judgment including the amounts awarded for damages, prejudgment interest, attorney's fees and costs. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290–91 (9th Cir. 1995). Interest will begin to accrue on the date judgment is entered at the applicable statutory rate. 28 U.S.C. 1961(a).

These damages, coupled with a permanent injunction, discussed below, will adequately serve the purpose of deterrence and punishment for willful infringement.

3. **PERMANENT INJUNCTION.**

Plaintiffs first seek a permanent injunction to prevent future infringement of their copyrights. Under 17 U.S.C. 502, a court may enter an injunction against a defendant to prevent future copyright infringement. In order to receive injunctive relief, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be

6

disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). As alleged, defendant Khan has willfully infringed plaintiffs' copyrights and trademarks. Plaintiffs have pled that, based on past practices of ignoring notices and refusing to surrender infringing products, defendant Khan will continue to infringe unless an injunction is imposed (Compl. ¶ 44; Holdridge Decl. ¶¶ 9–11). Plaintiffs have also pled irreparable harm (Compl. ¶ 49). Public interest would not be disserved by enjoining unlicensed copies of copyrighted designs. Therefore, a permanent injunction will be entered.

## CONCLUSION

For all of the above-stated reasons, plaintiffs' motion for entry of default judgment is **GRANTED** as follows: defendant Khan is ordered to pay damages of $12,500 to Sanrio, $25,000 to Disney, and $12,500 to DC Comics. Defendant Khan is also ordered to pay interest pursuant to 28 U.S.C. 1961(a).

Furthermore, defendant Khan and his agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of products that picture, reproduce, copy or use the likenesses of or bear a substantial similarity to the designs registered in the following copyright registrations: Mickey-1 (VA 58-937), Minnie-1 (VA 58-938), Peter Pan (RE 64-027), Superman Style Guide (TX 3-221-758), and Hello Kitty (VA 130-420).

Plaintiffs have the responsibility to serve the injunction in such a manner to make it operative in contempt proceedings.

**IT IS SO ORDERED.**

Dated: September 20, 2012

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE